UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14011-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN PAUL EVERHART, II,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** having come before the Court for a final hearing on April 3, 2019 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition") [D.E. 187], and this Court having convened a hearing recommends to the District Court as follows:

1.   Defendant appeared before this Court on April 3, 2019 for a hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On March 15, 2019, the defendant submitted a urine specimen which tested positive for the presence of cocaine and amphetamine in our local laboratory; confirmation is pending from Alere Toxicology, Incorporated. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to work regularly at a lawful occupation. Since on or about February 1, 2019, the defendant has failed to work regularly as required. The defendant had been working for Labor Finders but has failed to work since February 1, 2019. |
| **Violation Number 3** | **Violation of Special Condition**, by failing to participate in anger management counseling. The defendant last saw his therapist, Jeff Ray, on January 10, 2019 for anger management. |

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 1, 2 and 3 as set forth in the Petition. This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admissions to Violation Numbers 1, 2 and 3 all that will remain as to these violations will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The Government provided a factual proffer for Defendant's admissions. According to that proffer, on March 15, 2019, the Defendant submitted a urine sample that tested positive for the presence of cocaine and amphetamine in Probation's laboratory. That positive test was subsequently confirmed by Alere Toxicology, Incorporated. The probation officer has also spoken to a representative of Labor Finders, where Defendant was employed. According to that representative, Defendant has not reported to Labor Finders for work since February 1, 2018, although jobs have been available. The probation officer has also spoken to Defendant's therapist, Jeff Ray. Mr. Ray indicated that Defendant has not reported for anger management counseling since January 10, 2019. Defendant agreed at the hearing that the Government's proffer was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 1, 2 and 3.

4. The possible maximum penalties faced by Defendant were read into the record by the government, and Defendant stated that he understood those penalties.

**ACCORDINGLY,** based upon the Defendant's admissions to Violation Numbers 1, 2 and 3 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1, 2 and 3, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. **The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.**

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 4th day of April, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE